**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50148 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00978-ODW-1 |
| v. | |
| JOSE RAUL APARICIO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

José Raul Aparico appeals the eighty-seven month sentence imposed after

his conviction under 21 U.S.C. § 841(c)(2). The parties are familiar with the facts

of this case, which we repeat here only to the extent necessary to explain our

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

decision.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we reverse and remand for resentencing.

When reviewing a sentencing decision, we must first consider whether the district court committed a procedural error.  *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.) (en banc), *cert. denied*, 128 S.Ct. 2491 (2008).  "All sentencing proceedings are to begin by determining the applicable Guidelines range. The range must be calculated correctly.  In this sense, the Guidelines are the starting point and the initial benchmark."  *Id*. at 991 (internal quotation marks omitted).  Here, the district court selected an eighty-seven month sentence before calculating the proper guidelines range of fifty-one to sixty-three months.  Having selected a sentence without first calculating the proper guidelines range, the district court committed a procedural error.

A district "judge must explain why he imposes a sentence outside the Guidelines."  *Id*. at 992.  It is procedural error to fail to adequately explain "any deviation" from the guidelines range.  *Id*. at 993.  The explanation must be sufficient "to permit meaningful appellate review."  *Id*. at 992.  Here, the district court imposed an eighty-seven month sentence, two years more than the high end of the guidelines range.  The court's brief explanation that "nothing had changed" does not explain adequately the upward departure, especially in light of the district

2

court's prior emphasis on mitigating factors. Failure to adequately explain the above-guidelines sentence constitutes procedural error.[1]

**REVERSED** and **REMANDED** for resentencing.

---

[1] Because we remand for resentencing due to procedural error, we do not address the substantive reasonableness of the eighty-seven month sentence.